# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

MICHAEL FINERSON,                           )
Register No. 531546,                        )
                                            )
                        Plaintiff,          )
                                            )
            v.                              )           No. 05-4114-CV-C-NKL
                                            )
JILL McGUIRE, Superintendent,               )
Tipton Correctional Center, et al.,         )
                                            )
                        Defendants.         )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary relief, pursuant to 42 U.S.C. § 1983. Named defendants of Tipton Correctional Center are Jill McGuire, Mike Hayes, Larry Heimann, Merlin Thomas, Vanessa Draffen, and Rick Cobberly. Plaintiff alleges that he registered for a vocational program, and then later chose to withdraw. Plaintiff alleges defendants advised him that if he withdrew, he would receive a negative termination on his record. Plaintiff alleges that defendants' failure to allow him to withdraw, without negative repercussions, forced him to complete the vocational program against his will. Plaintiff further alleges that subsequent to his completing the vocational program, he was entitled, per policy, to the job of his choosing; however, defendants denied his job request, and assigned plaintiff to the kitchen. Plaintiff further alleges he is eligible for conditional release via the house-arrest program, but that he has been denied such release. Plaintiff alleges that defendants' actions have caused him psychological damage and constitute a wanton infliction of pain, in violation of the Eighth Amendment. Finally, plaintiff alleges defendants have obstructed his access to

courts in that he did not timely receive a report and recommendation issued by this court in a previous case.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915(a).  Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis.  However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Although plaintiff is granted leave to proceed in forma pauperis based upon his indigent status, his claims should be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

There is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations.  *Phillips v. Norris*, 320 F.3d 844, 847 (2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")).  Thus, plaintiff's allegations that defendants failed to follow prison policy and procedure with regard to his request that he be allowed to withdraw from the vocational program, fail to implicate a liberty interest which would be protected by Fourteenth Amendment due process.  Moreover, plaintiff's claims that defendants refused to allow him to withdraw from the vocational program without negative repercussions fail to allege anything more than psychological damage.  Title 42 U.S.C. § 1997e(e) states that no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury.  Allegations of stress or emotional stress are not enough to satisfy the physical injury requirement of section 1997e(e).  *Todd v. Graves*, 217 F. Supp. 958, 960 (8th Cir. 2002).  Therefore, plaintiff's claims challenging defendants' alleged refusal to allow him to

2

withdraw from the vocational program, for which he initially voluntarily enrolled, should be dismissed for failure to state a claim on which relief may be granted.  The court further notes that plaintiff, in fact, benefitted from the vocational program in that he received a certification of completion from Lincoln University Training Academy for the Technical Literacy Program, thus, increasing his qualifications for job positions within the prison and, potentially, upon plaintiff's release from prison.

As to plaintiff's allegations that he was not assigned to the job of his choice upon completion of the vocational program, as set forth by policy, the court again finds, as set forth above, that plaintiff has no liberty interest in prison officials following prison policy and procedure.  Moreover, prisoners do not have a constitutional right to be assigned to any particular job in prison.  *Mitchell v. Kirk*, 20 F.3d 936, 938 (8th Cir. 1994); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987).  Therefore, plaintiff's claims that defendants assigned him to a kitchen job, rather than his job of choice, fail to implicate a liberty interest or constitutional right protected by due process, and such claims fail to state a claim on which relief may be granted.

Plaintiff's claims challenging his alleged denial of conditional release also fail to state a claim on which relief may be granted.  Plaintiff has no liberty interest, and thus no Fourteenth Amendment protections, under the Missouri conditional release statute.  Missouri's conditional release statute, Mo. Rev. Stat. § 558.011, does not create a liberty interest.  *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987).  *See also Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002) (Missouri does not by statute create liberty interest in conditional release).  "If a statute only mandates that state officials follow certain procedure or take into account certain factors, but specifically provides that the prisoner's release is nevertheless discretionary with the board, as evidenced by the use of discretionary language, then no protected liberty interest has been created." *Dace*, 816 F.2d 1280-81.  Section 558.011 contains discretionary language allowing the board of probation and parole to extend a prisoner's conditional release up to a maximum of the entire sentence of imprisonment; therefore, a Missouri prisoner has no liberty interest in being conditionally released.  *Id.*; *Johnson*, 92 S.W.3d at 113-14.

3

Finally, as to plaintiff's claims alleging denial of access to courts (in that plaintiff allegedly untimely received from prison officials a report and recommendation from this court, referring the court to his previous case, *Finerson v. McGuire*, No. 04-4137 (W.D. Mo. 2004)), plaintiff has also failed to state a claim on which relief may be granted.

Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, ___, 116 S. Ct. 2174, 2182 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. *Bounds*, 430 U.S. at 828 n.17 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" *Sabers v. Delano*, 100 F.3d 82, 84 (1996) (quoting *Lewis v. Casey*, 518 U.S. at 354, 116 S. Ct. at 2181).

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered prejudice as a result of defendants' actions. *Lewis*, 518 U.S. at ___, 116 S. Ct. at 2179; *Berdella v. Delo*, 972 F.2d 204, 210 (8th Cir. 1992). *See also Cooper v. Delo*, 997 F.2d 376 (8th Cir. 1993). Prejudice must be alleged in the complaint and proven at trial.

Upon review of plaintiff's allegations and the docket entries in plaintiff's previous case No. 04-4137, the court finds plaintiff has suffered no prejudice with regard to his allegations of denial of access to courts. Plaintiff did, in fact, file objections to the report and recommendation issued by the court in case No. 04-4137, and such objections were considered by the court. Plaintiff's claims fail to allege any prejudice with regard to denial of access to courts and therefore, should be dismissed for failure to state a claim.

Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence [2, 4]. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief may be granted.

4

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis.  By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases.  Plaintiff is now warned that the court will collect the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case.  *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account).  Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 23rd day of May, 2005, at Jefferson City, Missouri.


/s/

WILLIAM A. KNOX
United States Magistrate Judge

5